POYDRAS *vs.* BELL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The certificate of the notary is *primâ facie* evidence of a demand on the maker of a note, and that it was made at his domicil, at the place stated therein, although it be not so set forth in the petition.

This is an action against the endorser of a promissory note. The plaintiff alleges, that, at maturity, said note was presented for payment at the store of the maker, (J. C. Morris) in St. Francisville, and protested for non-payment, and due notice thereof given to the endorser.

The defendant pleaded a general denial, and denied specially that any demand of payment was made on the maker of the note, and prays to be dismissed.

The plaintiff offered in evidence the note, protest and notary's certificate. The notary states in his certificate, that he went to the store of the maker of the note, in St. Francisville, on the day it became due, and demanded payment of his clerk (Morris being out), who replied he had no funds to pay it. Notice of protest was then put in the post-office at St. Francisville, directed to the endorser at New-Orleans, the place of his residence. It was in proof, that J. C. Morris, the maker of the note, kept a store at Bayou Sarah.

Upon this evidence, there was judgment for the plaintiff, and the defendant appealed.

*L. Janin,* for the plaintiff.

*Mitchell,* contra.

*Morphy, J.,* delivered the opinion of the court.

This is an action against the defendant, as endorser of a promissory note drawn by one J. C. Morris. The only point made turns on the sufficiency of the demand made, on the maker of the note. It is proved by the notary's certificate, made out in conformity with the act of the 13th of March,

EASTERN DIST. 1827. The notary states, that a demand was made at the
February, 1840. store of the maker at St. Francisville, in the parish of West
———————— Feliciana. This is said to be insufficient, because the plain-
WHITTEMORE tiff's petition does not allege and set forth the maker's
vs.
LEAKE & HOWELL
domicil to be there ; and because, no place being mentioned
in the note, the presumption is, that the drawer resides in
New-Orleans, which is the residence of the payee. The
presumption, if any exists, may be, that the note was exe-
cuted in New-Orleans, but not that the maker had his
domicil there. Be that as it may, the notary's certificate
forms *primâ facie* evidence that the demand was made at the
proper place, and is, *per se*, sufficient until rebutted by direct
proof. The appellee has prayed for damages; they cannot
be awarded, because he has not demanded them in due time,
in accordance with article 890, of the Code of Practice.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.